FILED
11/22/2013 11:25:37 AM
Beverly Cnimley
District Clerk
Hays County, Texas

CAUSE NO. *13-2536*

| | | |
|---|---|---|
| **CRYSTAL ZAVALETA, and** | § | **IN THE DISTRICT COURT** |
| **ABEL ZAVALETA,** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **OF HAYS COUNTY, TEXAS** |
| | § | |
| **EUGENE SULIVAN,** | § | |
| **PGD IV L.L.C. and** | § | |
| **PGT TRUCKING INC.,** | § | |
| **DEFENDANTS,** | § | *207* **JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME CRYSTAL ZAVALETA and ABEL ZAVALETA, hereafter referred to as "Plaintiffs," in the above entitled and numbered cause, complaining of and against EUGENE SULLIVAN, PGD IV L.L.C. and PGT TRUCKING INC., hereafter sometimes referred to as "Defendants," and for cause of action would show unto the Court the following:

### A. DISCOVERY LEVEL

1.    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### B. PARTIES & SERVICE OF CITATION

2.    Plaintiff, ABEL ZAVALETA, is an individual who resided in Travis County, Texas at the time of the incident which forms the basis of this lawsuit.

3.    Plaintiff, CRYSTAL ZAVALETA, is an individual who resided in Travis County, Texas at the time of the incident which forms the basis of this lawsuit.

---

*Zavaleta v. Sullivan et al.,*
Plaintiff's Original Petition and Request for Disclosure

Page 1 of 7



EXHIBIT

A



4.      Defendant, EUGENE SULLIVAN, is an individual who is a nonresident of Texas, whose usual place of abode is 1 River Road, London, Kentucky 40744-9386, may be served with process by serving the Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as defendant's agent for service because Defendant has engaged in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

5.      Defendant, PGD IV L.L.C. is a foreign limited liability company organized and existing under the laws of the State of Pennsylvania, whose home office address is 1300 East Ninth Street Cleveland, Ohio 44114 and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas, 78701 because Defendant has not designated resident agent for service of process in Texas as required by statute.

6.      Defendant, PGT TRUCKING, INC. is a foreign corporation organized and existing under the laws of the State of Pennsylvania, whose principal office is located at 1 PGT Way Monaca, Pennsylvania 15061 and is authorized to do business in Texas and may be served with process by service on its President, Patrick A. Gallagher at that address by certified mail, return receipt requested.

### C. JURISDICTION & VENUE

7.      This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the injuries described below. Specifically, Plaintiffs seek monetary relief over one million dollars ($1,000,000.00). The motor vehicle collision made the basis of this lawsuit occurred in

Hays County, Texas. Accordingly, this Court has jurisdiction over this matter and Hays County is the proper venue as this cause of action, or a part thereof, occurred in Hays County, Texas.

## D. FACTUAL BACKGROUND

8.      Plaintiffs bring this suit to recover for damages sustained in the collision in Buda, Hays County, Texas on or about November 29, 2011. Said collision was proximately caused by the negligence of Defendants.

9.      On the day in question Plaintiff, CRYSTAL ZAVALETA, was driving a car with Plaintiff ABEL ZAVALETA as the passenger going south on I-35. Defendant EUGENE SULLIVAN was driving a tractor-trailer also going south on I-35. As the lanes were redirected for construction Defendant negligently crossed into the Plaintiffs' lane and struck Plaintiffs' vehicle with the trailer pinning Plaintiffs' vehicle against a concrete divider. Due to the collision Plaintiffs suffered severe personal injuries and damages.

## E . RESPONDEAT SUPERIOR

10.      At all times material hereto, all agents, servants, and/or employees of Defendants, PGD IV L.L.C. and PGT TRUCKING INC., were acting within the course and scope of employment and/or official duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendants, PGD IV L.L.C. and PGT TRUCKING INC., were acting in furtherance of the duties of their office and/or employment. Therefore, Defendants, PGD IV L.L.C. and PGT TRUCKING INC., are responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## F. NEGLIGENCE

11.     Plaintiff alleges that, upon the occasion in question, Defendant, EUGENE SULLIVAN, failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

    a.     Failing to keep a proper lookout;

    b.     Failing to use due caution;

    c.     Failing to pay adequate attention;

    d.     Failing to maintain a single lane;

    e.     Failing maintain control of a vehicle;

    f.     Impaired visibility;  and

    g.     Striking another vehicle, causing serious personal injuries.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## G. NEGLIGENCE PER SE

12.     Moreover, Plaintiff would show that at the time of the collision in question Defendant EUGENE SULLIVAN violated the Texas Transportation Code in at least one or more of the following ways:

    a.     Failing to remain in within a single lane in violation of Texas Transportation Code § 545.060(a)(1); and

    b.     Moving from a single lane when that movement is not safe in violation of Texas Transportation Code § 545.060(a)(2).

Each of the foregoing acts and/or omissions, taken together or individually, constitute negligence per se and the same are a direct and proximate cause of the injuries and damages sustained by the Plaintiff.

## H. NEGLIGENT ENTRUSTMENT

13.     Plaintiff further alleges that, on or about the occasion in question, Defendant, PGT TRUCKING INC., owned the vehicle that was operated by Defendant, EUGENE SULLIVAN. EUGENE SULLIVAN was in possession of said vehicle with the express consent of Defendant, PGT TRUCKING INC.

14.     Defendant, PGT TRUCKING INC., entrusted the vehicle to EUGENE SULLIVAN for the purpose of operating it on the public streets and highways of Texas, and EUGENE SULLIVAN operated it with the knowledge, consent, and permission of PGT TRUCKING INC. At such time, EUGENE SULLIVAN was incompetent and unfit to safely operate a motor vehicle on the public streets and highways of Texas. Defendant, PGT TRUCKING INC., knew or should have known, in the exercise of due care, that EUGENE SULLIVAN was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas. The above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## I. DAMAGES

15.     Plaintiffs would show that, as a direct and proximate result of the above-mentioned Defendants' negligence and negligence per se, Plaintiffs have suffered severe injuries and damages.

16.     Plaintiff ABEL ZAVALETA has experienced damages including, but not limited to, the following:

> a.   Physical pain and suffering in the past and future;
>
> b.   Mental anguish in the past and future;

    c.   Physical impairment in the past and future;

    d.   Medical expenses in the past and future;

    e.   Lost wages; and

    f.   Loss of earning capacity.

17.    Plaintiff CRYSTAL ZAVALETA has experienced damages including but not limited to:

    a.   Physical pain and suffering in the past and future;

    b.   Mental anguish in the past and future;

    c.   Physical impairment in the past and future; and

    d.   Medical expenses in the past and future.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully request that the Defendants be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiffs recover judgment against the Defendants for Plaintiffs' damages within the jurisdictional limits of this court; for costs of court; for pre- and post- judgment interest as allowed by law; and for such other further relief; both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

## **J. REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

Respectfully submitted,

THE CARLSON LAW FIRM, P.C.
3410 Far West Blvd., Suite 235
Austin, Texas 78731
(512) 346-5688
(512) 527-0398 Fax

By: _____

Robert L. Ranco
SBN: 24029785
Attorney for the Plaintiff